

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 12, 1951

Hon. Gibb Gilchrist, Chancellor
Texas Agricultural & Mechanical
    College System
College Station, Texas        Opinion No. V-1369

                          Re:  Effect of new penal
                                 statutes regulating
                                 wilfully or negli-
                                 gently setting forest
                                 or brush fires upon
                                 existing penal stat-
                                 utes relating to the
Dear Mr. Gilchrist:          same subject.

        Your request for an opinion to inform and guide
the State Forester is as follows:

        "Does Article 1318, title 17, chapter 2,
Penal Code, or Article 1321, title 17, chapter
2, Penal Code, in any way conflict with Senate
Bills 178 and 179 enacted by the 52nd Legisla-
ture?

        Article 1318, Vernon's Penal Code, penalizes the
wilful burning of any building not a house, or any stack
of corn, hay, fodder, grain, or flax, or any pile of boards,
lumber, or wood, or any fence or other inclosure, the prop-
erty of another. Article 1321, Vernon's Penal Code, penal-
izes the <u>wilful</u> or <u>negligent</u> setting fire to, or burning,
or causing to be burned any woodland or prairie of another.
Prescribed penalties differ under each article. Senate Bill
178, Acts 52nd Leg., R.S. 1951, ch. 466, p. 82, codified as
Article 1321b, V.P.C., makes it a penal offense to <u>negligent-
ly</u> set fire to or cause to be set on fire any <u>woods</u>, <u>forest</u>,
<u>cut over</u>, <u>brush</u>, <u>range</u>, or <u>grassland</u> belonging to another or
set on fire his own and allow such fire to spread to the
property of another, with a penalty prescribed. Senate Bill
179, Acts 52nd Leg., R.S. 1951, ch. 315, p. 537, codified as
Article 1321a, V.P.C., makes it a penal offense to <u>wilfully</u>
set on fire or cause to be set on fire any <u>woods</u>, <u>forest</u>,
<u>cut over</u>, <u>brush</u>, <u>range</u>, or <u>grassland</u> belonging to another
without the consent of or under the direction of the owner
and prescribes a greater penalty than Senate Bill 178.

A reading of Article 1318 and Senate Bills 178 and 179 shows clearly that the latter enactments have no effect on Article 1318, Vernon's Penal Code. They deal with different subjects from those dealt with in Article 1318.

As to Article 1321, V.P.C., we do find a conflict. That Article provides:

"Whoever wilfully or negligently sets fire to, or burns, or causes to be burned, any woodland or prairie not his own, shall be fined not less than fifty nor more than three hundred dollars. This offense is complete where the offender sets fire to his own woodland or prairie and the fire communicates to the woodland or prairie of another."

Senate Bill 179, Acts 52nd Leg., R.S. 1951, ch. 315, p. 537, provides:

"Section 1. It shall be unlawful for any person to wilfully set on fire, cause to be set on fire, or attempt to set on fire any woods, forest, cut over, brush, range, or grassland belonging to another, without the consent of or under the direction of the owner, or by any means calculated to effect the object, or attempts to commit any offense enumerated herein.

"Sec. 2. Any person who shall violate any provisions of this Act shall be deemed guilty of a felony, and upon conviction shall be fined not less than Three Hundred ($300.00) Dollars nor more than One Thousand ($1,000.00) Dollars, or confined in a county jail not less than thirty (30) days nor more than six (6) months or confined in the State penitentiary for not less than one (1) year nor more than five (5) years, or by both such fine and imprisonment.

"Sec. 3. All laws or parts of laws in conflict with this Act are hereby repealed to the extent of such conflict."

Senate Bill 178, Acts 52nd Leg., R.S. 1951, ch. 466, p. 821, provides:

"Section 1. It shall be unlawful for any person to negligently set on fire, or cause to be set on fire any woods, forest, cut over, brush, range, or grassland belonging to another, or to set on fire any woods, forest, cut over, brush, range, or grassland belonging to himself and allowing such fire to spread to the property of another.

"Sec. 2. Any person who shall violate any provision of this Act shall be guilty of a misdemeanor, and upon conviction shall be fined not less than Fifteen ($15.00) Dollars nor more than Two Hundred ($200.00) Dollars.

"Sec. 3. Failure to prevent fire from spreading to the property of another shall be prima facie evidence of negligence.

"Sec. 4. All laws or parts of laws in conflict with this Act are hereby repealed to the extent of such conflict."

The Legislature has included in Senate Bills 178 and 179 all the acts which constituted offenses under Article 1321. The categories enumerated in Senate Bills 178 and 179 clearly include woodlands and prairies as embraced in Article 1321. The Legislature has divided the offenses into negligent offenses and wilful offenses and has provided different penalties for these two types of offenses, which are at variance with the penalties prescribed by Article 1321.

It is our opinion, therefore, that Article 1321, Vernon's Penal Code, has been repealed by Senate Bills 178 and 179. A later penal statute repeals by implication a prior statute upon the subject when it prescribes a different penalty, or redefines in a substantial manner the offense which the prior statute contemplated. 1 Sutherland, Statutory Construction (3rd Ed. 1943) 505, Sec. 2031; State v. Smith, 44 Tex. 44? (1876); Sugg v. Smith, 205 S.W. 363 (Tex. Civ. App. 1918, error ref.); Stansbury v. State, 111 S.W.2d 717 (Tex. Crim. 1937). Furthermore, the expressed purpose to repeal laws in conflict with the latter Acts strengthen the implication that Article 1321 is intended to be repealed.

## SUMMARY

Article 1321, V.P.C., penalizing the burning of woodland or prairie, has been superseded and repealed by Article 1321a, V.P.C., and Article 1321b, V.P.C. Article 1318, V.P.C., penalizing the burning of certain other types of property remains unaffected.

APPROVED:                           Yours very truly,

Ned McDaniel                        PRICE DANIEL
State Affairs Division              Attorney General

Charles D. Mathews           By     *V.H. Taylor*
First Assistant                     Assistant

VFT/rt